UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWIN DARIO CHAMORRO GONZALES,<br><br>Petitioner,<br><br>-v-<br><br>KENNETH GENALO, et al.,<br><br>Respondents. | 26 Civ. 9065 (JHR)<br><br>ORDER |

JENNIFER H. REARDEN, United States District Judge:

On October 14, 2026, Petitioner Edwin Dario Chamorro Gonzalez, through his next friend Loni Chamorro, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. The parties shall appear for a case management conference on **October 21, 2026** at **10:45 a.m.** The conference will take place by telephone. **Respondents shall make arrangements for Petitioner to participate in this proceeding.** The Court will provide dial-in information in a separate order prior to the conference.

Respondents shall file a letter, no later than **October 19, 2026**, proposing next steps in connection with this Petition. In the letter, Respondents shall also include the following information:

(1) Whether Petitioner was, as the Petition alleges, located in the Southern District of New York at the time that the Petition was filed, *see* ECF No. 1, ¶ 2 (describing Petitioner's place of confinement as 26 Federal Plaza); [1]

(2) Petitioner's A-number, current place of detention, and a contact person who can facilitate access to Petitioner;

(3) The statutory provision(s) pursuant to which Respondents assert the authority to detain Petitioner;

(4) If Respondents maintain that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A), whether there is any basis to distinguish this case from *Barbosa da*

[1] If Respondents believe that Petitioner was *not* in the Southern District of New York at the time the Petition was filed, then the parties should confer, and Respondents should state in the letter the parties' position(s) regarding whether immediate transfer to the District in which Petitioner was located at the time of filing should be ordered. *See, e.g.*, *Öztürk v. Hyde*, 136 F.4th 382, 391-92 (2d Cir. 2025); *Khalil v. Joyce*, 771 F. Supp. 3d 268 (S.D.N.Y. 2025).

*Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Barbecho-Llivisaca v. Genalo*, No. 26 Civ. 3349 (JHR), 2026 WL 1345982 (S.D.N.Y. May 14, 2026); *Cabrera Castro v. Francis*, 26 Civ. 1063 (JHR), 2026 WL 1345940 (S.D.N.Y. May 14, 2026); or *Yan v. Almodovar*, 26 Civ. 2654 (JHR), 2026 WL 1973599 (S.D.N.Y. July 8, 2026).

(5) A copy of any final order of removal; and

(6) Any information regarding the procedural posture of any pending Department of Homeland Security or Executive Office for Immigration Review proceedings.

All counsel are required to register promptly as filing users on ECF. **All counsel must familiarize themselves with the Court's Individual Rules, which are available at https://nysd.uscourts.gov/hon-jennifer-h-rearden.** Absent leave of Court obtained by letter-motion filed before the conference, all pretrial conferences must be attended by the attorney who will serve as principal trial counsel.

All communications with the Court by a party acting *pro se* should be filed with the Pro Se Intake Unit by one of the following methods: (1) emailing the communication as an attachment in PDF format to ProSe@nysd.uscourts.gov (for instructions, see https://nysd.uscourts.gov/forms/instructions-filing-documents-email); (2) mailing the communication to the Pro Se Intake Unit, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007; or (3) hand-delivering the communication to the Pro Se Intake Unit. **No documents or court filings should be sent directly to Chambers**. Copies of correspondence between a *pro se* party and counsel shall not be sent to the Court.

If this case has settled or otherwise been terminated, counsel are not required to file the aforementioned letter or appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* http://nysd.uscourts.gov/ecf_filing.php.

In accordance with the Court's Individual Rules and Practices, requests for an extension or adjournment may be made only by letter-motion filed on ECF. The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the date of the parties' next scheduled appearance before the Court. Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

**The Clerk of Court shall electronically notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York that this Order has been issued at the following emailing address: jeffrey.oestericher@usdoj.gov.**

The Clerk of Court is further directed to mail a copy of this Order to Petitioner at the following address:

Edwin Dario Chamorro Gonzalez
ID# 245266552
NYC Holding Room
26 Federal Plaza
New York, NY 10278

The Clerk of Court is also directed to email a copy of this Order to Loni Chamorro at the email address listed on the docket for this action. *See Chamorro Gonzalez v. Genalo*, No. 26 Civ. 9065 (identifying Loni Chamorro's email as edwinylonichamorro@gmail.com).

SO ORDERED.

Dated: October 15, 2026
New York, New York

Jennifer H. Rearden
JENNIFER H. REARDEN
United States District Judge