UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWIN DARIO CHAMORRO GONZALEZ,<br>Petitioner,<br>-v.-<br>KENNETH GENALO, et al.,<br>Defendants. | 26 Civ. 9065 (JHR)<br><u>TRANSFER ORDER</u> |

JENNIFER H. REARDEN, District Judge:

On October 14, 2026, Petitioner, through next friend Loni Chamorro, brought this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. At the time the Petition was filed, Petitioner was "was located in Newark, New Jersey." ECF No. 7 at 1 (explaining that Petitioner "arrived at ICE's Newark hold room at approximately 4:28 p.m." and that "the habeas petition was filed at 6:06 p.m."). Newark, New Jersey is located in the District of New Jersey. 28 U.S.C. § 110.

In order to entertain a habeas corpus petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Thus, the jurisdiction of a habeas petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.").

Respondents have informed the Court that they have "conferred with Petitioner's counsel regarding the venue issue, and Petitioner's counsel has stated that she consents to the

government's request to transfer this case to the District of New Jersey and to waive the 7-day waiting period." ECF No. 7 at 2. Accordingly, the Court transfers this Petition to the United States District Court for the District of New Jersey. *See* 28 U.S.C. §§ 1404(a), 1406(a).

Because this Petition seeks the immediate release of an individual in custody, the Court waives Local Civil Rule 83.1's seven-day waiting period. The Clerk of Court shall therefore transfer this action upon the filing of this Order, which closes the case in the Southern District of New York.

Counsel for Respondents is directed forthwith to alert the Chief of the Civil Division of the United States Attorney's Office for the District of New Jersey of the transfer of this matter.

SO ORDERED.

Dated: October 20, 2026
New York, New York

Jennifer H. Rearden
JENNIFER H. REARDEN
United States District Judge